

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

September 20, 1961

Mr. Dan Sullivan
District Attorney
109th Judicial District
Andrews, Texas

Dear Mr. Sullivan:

**1144**
Opinion No. WW-~~1444~~

Re: Whether Andrews County can
legally supplement the sal-
ary of the District Attorney
for the 109th Judicial Dis-
trict and related questions.

You have requested this office for an opinion on the
questions of whether or not Andrews County, Winkler County, and
Crane County can legally supplement the salary of the District
Attorney for the 109th Judicial District, and, if so, to what
extent can such counties legally supplement the salary of the
District Attorney. In this same connection you raised the
question of what effect, if any, results from the enactment
of House Bill 758, Acts of the 57th Legislature, Regular Ses-
sion, 1961, Chapter 502, page 1111.

Article 326k-24, Vernon's Civil Statutes, provides
that:

> "Section 1. The District Attorney of the
> 109th Judicial District shall be compensated for
> his services by an annual salary in an amount
> not to exceed the salary paid to the highest
> paid County Attorney of any county in the said
> 109th Judicial District. (Emphasis added)

> "Section 2. The Commissioners Courts of
> the counties comprising the 109th Judicial Dis-
> trict are hereby authorized to pay the supple-
> ment to the salary paid the District Attorney
> by the State in such amount that the total
> salary paid such District Attorney shall not
> exceed the maximum prescribed in Section 1
> of this Act. (Emphasis added)

> "Section 3. The supplemental salary to
> be paid the District Attorney of the 109th
> Judicial District by the Commissioners Courts
> of the counties comprising said District shall
> be paid on a pro rata basis according to the
> population of each county listed in the last
> preceding Federal Census." (Emphasis added)

The provisions of Article 326k-24 clearly indicate that Andrews County, Winkler County, and Crane County, comprising the 109th Judicial District, and acting through their respective Commissioners Courts, are authorized to supplement the salary of the District Attorney of the 109th Judicial District.

However, this authorization to supplement the salary of the District Attorney of the 109th Judicial District is in turn limited by the provisions of Article 326k-24. As a result of such limitations, the Commissioners Courts of Andrews County, Winkler County, and Crane County are only authorized to supplement the salary of the District Attorney of the 109th Judicial District, over and above the amount paid such District Attorney by the State, in an amount whereby the total salary paid such District Attorney shall not exceed the salary paid to the highest paid County Attorney of any county comprising the 109th Judicial District.

In addition, any such supplemental salary paid to the District Attorney of the 109th Judicial District by the Commissioners Courts of the counties comprising such Judicial District shall be paid by such counties on a pro rata basis according to the population of each county listed in the last preceding Federal Census.

House Bill 758, Acts 57th Legislature, Regular Session, 1961, Chapter 502, page 1111 provides in Section 1 that:

"In each county of the State of Texas having a population of not less than thirteen thousand, three hundred and eighty (13,380) and not more than thirteen thousand, seven hundred (13,700) according to the last preceding Federal Census, the county and district officials are to be compensated as determined by the Commissioners Courts in an amount not to exceed Ten Thousand Dollars ($10,000), provided no salary shall be set at a figure lower than that actually paid on the effective date of this Act."

As both Andrews County (Pop. 13,450) and Winkler County (Pop. 13,652) would fall within the population bracket set forth in House Bill 758, the provisions of House Bill 758 would be applicable to Andrews County and Winkler County. Consequently, neither Andrews County nor Winkler County can compensate their county or district officials in an amount exceeding Ten Thousand Dollars ($10,000), unless at the effective date of House Bill 758 such county or district officials were being compensated at a rate in excess of such amount, in which event, such

salary shall not be set at a figure lower than that actually paid on the effective date of House Bill 758.

The effect of House Bill 758 upon Article 326k-24 is to set the maximum compensation which could be paid to the County Attorney of Andrews County and Winkler County, and this in turn would bear upon the maximum supplement which could be paid to the District Attorney of the 109th Judicial District by the counties comprising such Judicial District.

## S U M M A R Y

Andrews County, Winkler County, and Crane County may legally supplement the salary of the District Attorney of the 109th Judicial District, but such supplement is limited to the extent that such District Attorney's total salary cannot exceed the salary paid to the highest paid County Attorney of any county comprising the 109th Judicial District. Since House Bill 758 sets the maximum compensation which can be paid county and district officials in Andrews County and Winkler County, such limitation would affect the maximum supplement which could be paid the District Attorney of the 109th Judicial District by the counties comprising such Judicial District.

Yours very truly,

WILL WILSON
Attorney General

By Pat Bailey

Pat Bailey
Assistant

PB:lgh/ds

APPROVED:
OPINION COMMITTEE
W. V. Geppert, Chairman
Riley Eugene Fletcher
J. C. Davis
J. T. Walker
T. B. Wright
REVIEWED FOR THE ATTORNEY GENERAL
BY: Houghton Brownlee, Jr.